Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

2012 JUL 13 AM 10: 40

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>                     Plaintiff,<br><br>          v.<br><br>FRUMENCIO AVEILLA PATACSIL,<br><br>                     Defendant. | )  CRIMINAL CASE NO. CF 0434-10<br>)<br>)<br>)  DECISION AND ORDER ON<br>)  DEFENDANT'S MOTION FOR<br>)  DIVERSION<br>)<br>)<br>) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on November 15, 2011, on Defendant Patacsil's Motion for Diversion. Attorney Maria G. Fitzpatrick represented the defendant. Attorney Kimberli C. Raines represented the People of Guam. Following a hearing, the Court took the motion under advisement.[1] The Court now issues its Decision and Order.

## FACTUAL HISTORY

On July 11, 2010, the defendant was arrested and subsequently charged with Terrorizing (As a 3rd Degree Felony), Family Violence (As a Misdemeanor), and Assault (As a Misdemeanor). The charges stem from an incident in which the defendant allegedly threatened the victim, placing her in fear of bodily injury and for placing the victim in fear of assault for attempting to cause bodily injury.

## DISCUSSION

Though it appears the defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People initially determined the defendant is ineligible for the diversion process under the factors set forth in 9 GCA §30.80(a); however, the People offer no basis for their

---

[1] Although this Court extended the time for the People to file an opposition to Defendant's motion, no opposition has been filed.

determination[2]. Defendant argues that he is eligible for diversion, as he has never been charged with a felony. *See*, Notice of Motion and Motion for Diversion at 2.

The Court has the discretion under Title 9 G.C.A. §30.80(e) to consider an application for diversion from a defendant. Under § 30.80.1(a) the Court considers, among other things, the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the diversion process.

Upon weighing the above factors this Court finds that diversion is appropriate. This Court is not aware of any prior incidents of family violence by the defendant, or any prior acts of violence for that matter, and there is no injury alleged in this case. Additionally, there is nothing in the record that indicates the defendant would not respond to counseling or that he would not be a likely candidate for successful completion of the diversion program. The nature of the charges in this case does, however, weigh against granting diversion. This Court finds troubling the People's allegations of the defendant's threatening remarks directed to the victim and the severity of the charges against the defendant. This Court does not take likely threats of future violence, especially where the threats are made against another person's life. Notwithstanding these factors against, given that there was no injury and that this appears to be an isolated incident, the Court finds that the balance weighs in favor of granting diversion.

## CONCLUSION

Based on the above, Defendant's Motion for Diversion is hereby GRANTED. A Further Proceedings hearing will be held before the Honorable Michael J. Bordallo on July 31, 2012 at 9:00 a.m.

**IT IS SO ORDERED** this 17th day of July, 2012.

JUL 1 7 2012

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam.

[2] *See*, Notice Re: Defendant's Eligibility for Diversion Under 9GCA § 30.80 Eligibility Notice.

JUL 18 2012

*ORIGINAL*
-2-

Domingo M. Nego
Deputy Clerk, Superior Court of Guam